BERGEN COUNTY PHARMACEUTICAL ASSOCIATION, A CORPORATION NOT FOR PECUNIARY PROFIT OF THE STATE OF NEW JERSEY, PLAINTIFF, v. SAMUEL BARDEN, TRADING AS LLOYD'S CUT RATE, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided September 14, 1950.

*Mr. Joseph H. Stamler* for the plaintiff (*Messrs. Lorentz & Stamler,* attorneys).

*Mr. Louis A. Mounier, Jr.,* for the defendant.

FREUND, J. S. C.   The plaintiff, a corporation not for pecuniary profit, brings this suit under the Fair Trade Act, *R. S.* 56:4-3 *et seq.,* to restrain the defendant, the operator of a retail cut-rate pharmacy, from selling certain products below the price established by the manufacturer.   The defendant has moved to dismiss the complaint on a single point, namely, the right of the plaintiff to maintain the suit.

The complaint alleges that the plaintiff is incorporated under the laws of the State of New Jersey as a corporation not for pecuniary profit, that its membership is composed of retail pharmacists and druggists who are engaged in the operation and maintenance of retail pharmacies and drug stores in and about Bergen County in this State; that the members of the plaintiff corporation are engaged in direct competition with the defendant; that certain manufacturers of trade-marked articles have entered into contracts with

retailers in accordance with the provisions of the Fair Trade Act; that the defendant has engaged in unfair competition with members of the plaintiff corporation by reason of the sale of the products described in the complaint below the stipulated minimum resale prices. Conceding for the purposes of the motion the violation alleged by the plaintiff, the sole question is the right of the plaintiff to prosecute the action.

In *Ingersoll v. Goldstein,* 84 *N. J. Eq.* 445 (*Ch.* 1915), it was held: "In the absence of the statute, it is quite clear that the complainant could not obtain relief in this court under its bill, because at common law, where the vendor sells his whole interest or property in chattels, with conditions restricting the sale thereof, the title passes, but the conditions, being against public policy, are void. * * * By the statute under consideration, the Legislature has modified this common law rule of public policy, setting up a new standard of business morals, but the standard thus fixed, being in derogation of the common law, the statute must be strictly construed."

In *Pazen v. Silver Rod Stores, Inc.,* 130 *N. J. Eq.* 407 (*E. & A.* 1941), Mr. Justice Heher, citing the *Ingersoll case,* in referring to the statute under consideration said: "The enactment is not to be given an interpretation in derogation of the common law except as explicitly laid down."

Accordingly, the duties and obligations of the parties are to be found within the framework of the statute, which very clearly specifies at whose instance a suit for violation of the statute is actionable. Thus, *R. S.* 56:4–6 provides "unfair competition * * * is actionable at the suit of the producer or distributor of such commodity or at the suit of any retailer selling such commodity at not less than the price stipulated in any contract entered into pursuant to the provisions of section 56:4–5 of this Title."

The plaintiff is not a "producer or distributor of such commodity or * * * any retailer selling such commodity * * *." The fact that it is an association com-

prised of retailers does not give it status for the maintenance
of the action. As a corporate entity, it is distinct from the
members who compose it. Moreover, not every retailer may
maintain an action, but only a "retailer selling such com-
modity at not less than the price stipulated in any contract
entered into pursuant to the provisions of section 56:4–5 of
this Title." To invoke the injunctive process afforded by the
act, one must come within the class who may institute suit.
*New Jersey Bankers Association v. Van Riper*, 1 *N. J.* 193
(1948).

The plaintiff in resisting the motion refers to causes of
action which were brought by voluntary associations: *Unger
v. Landlords' Management Corp.*, 114 *N. J. Eq.* 68 (*Ch.*
1933); *Auerbacher v. Wood*, 139 *N. J. Eq.* 599 (*Ch.* 1947);
affirmed, 142 *N. J. Eq.* 484 (*E. & A.* 1947); *New Jersey
Used Car Trade Ass'n. v. Magee*, 1 *N. J. Super.* 371 (*Ch.
Div.* 1948). In those cases, the suits were brought by indi-
viduals as parties plaintiff with the association, and, more-
over, the relief sought in those cases was not under statutory
authority. If a suit is authorized by a statute and if the
statute specifics at whose instance such a suit is actionable,
one who bases his suit upon such statute must come within the
class specified.

The complaint will be dismissed.